UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**UNITED STATES OF AMERICA**,

      Plaintiff,

      v.                                                 No. **CR 08-52 MCA**

**ROBERT LEE NICK**,

      Defendant.

### MEMORANDUM OPINION AND ORDER

THIS MATTER comes before the Court on Defendant Robert Nick's *Motion to Reconsider Memorandum Opinion and Order* [Doc. 152] filed on November 7, 2008. Having reviewed the parties' submissions, the other materials of record, the relevant law, and being fully advised in the premises, the Court denies Defendant's motion for the reasons set forth below.

In his motion to reconsider, Defendant Robert Nick disputes some of the inferences that the Court drew in its prior *Memorandum Opinion and Order* [Doc. 148] filed on November 5, 2008, which denied his *Motion for New Trial* [Doc. 127] filed on July 24, 2008. Specifically, Defendant disputes the Court's prior inferences regarding his counsel's reasons for resting his defense at trial before receiving a Federal Express envelope containing a duplicate key for the padlock that was found on the trailer containing the marijuana which Defendant was convicted of possessing with intent to distribute on July 18, 2008.

In the prior *Memorandum Opinion and Order* [Doc. 148], the Court assumed that

Defendant and his counsel gave credence to the trial testimony of a defense witness, Yvette Santifer, to the effect that someone was "overnighting" some more keys to her, which might fit the padlock in question. [Doc. 165, Tr. 7-16-08, at 373-74.] Based on this assumption, the Court reasoned that Defendant and his counsel could have made a tactical decision to rest their case after Ms. Santifer's testimony without waiting for the overnight delivery to which she referred in her testimony.

In his *Motion to Reconsider* [Doc. 152], Defendant and his counsel assert that they did not give credence to Ms. Santifer's trial testimony about "overnighting" the key. On the contrary, they proffer that, based on all the past failed attempts to obtain such a key from Ms. Santifer, "there was no reasonable or rational basis to assume that a duplicate key ever would be produced" by her. [Doc. 152, at 4-5.] In other words, Defendant's counsel did not believe Ms. Santifer when she testified at trial that such a key was being overnighted to her. Accordingly, there was no expectation on the part of the defense that the key would be produced for later use as an "evidentiary trump card" after the prosecution delivered its closing argument to the jury.

The Court accepts the proffer set forth in Paragraph 8 of Defendant's motion and commends defense counsel for his candor in acknowledging the lack of credibility in Ms. Santifer's trial testimony. Because the Court accepts this proffer, and because it relates to a factor that is not dispositive in the Court's analysis, I find that no evidentiary hearing is necessary.

The proffer set forth in Defendant's *Motion to Reconsider* does not change the Court's conclusion that a new trial is not warranted in this case, for it only emphasizes the extent to

2

which Ms. Santifer's belated production of the duplicate key is not so material to the principal issues at trial as to significantly increase the probability of producing an acquittal. If Defendant's proffer is correct that despite Ms. Santifer's trial testimony, there was no reasonable or rational basis to believe that she would ever produce a duplicate key, then it follows that there is no basis on which a rational jury could find her trial testimony on this point to be credible. Defendant cannot have it both ways by claiming that Ms. Santifer's trial testimony is not credible enough to provide any basis for awaiting the overnight delivery of the key, while at the same time claiming that a jury should give credence to Ms. Santifer as the sponsoring witness for the duplicate key.

The five factors to be considered in ruling on a motion for a new trial founded on newly discovered evidence are whether

> (1) the evidence was discovered after trial; (2) the failure to learn of the evidence was not caused by [Defendant's] own lack of diligence; (3) the new evidence is not merely impeaching; (4) the new evidence is material to the principal issues involved; and (5) the new evidence is of such a nature that in a new trial it would probably produce an acquittal.

United States v. Herrera, 481 F.3d 1266, 1270 (10th Cir. 2007) (quoting United States v. Sinclair, 109 F.3d 1527, 1531 (10th Cir. 1997)). The proffer in Defendant's *Motion to Reconsider* focuses on the second of these factors but does not account for the Court's prior analysis of the third, fourth, and fifth factors, which take on greater weight given the admission by Defendant's counsel that Ms. Santifer's trial testimony about producing the duplicate key was not worthy of any credence.

In this regard, I reiterate my prior conclusion that if the additional key to the trailer's padlock were introduced at a new trial in the form suggested by Defendant's latest proffer,

this additional evidence is not so novel, material, or important to the case that it would likely produce an acquittal on the charge for which the jury reached a guilty verdict in the first trial. Rather, the second key merely adds to the evidence that the defense already presented concerning an issue that was not central to the Government's case. See United States v. Gonzalez, 93 F.3d 311, 314-17 (7th Cir. 1996); United States v. Dogskin, 265 F.3d 682, 687 (8th Cir. 2001).

    As previously noted, defense witnesses already testified at the first trial about the likelihood that there were other keys for the lock to the trailer. Indeed, Ms. Santifer testified that she did not know whether the trailer was even locked during the time it was stored in Compton, California, and there was testimony that someone else's belongings (*i.e.*, those of Percy Nick) had been placed in the trailer after it was loaded with celery in Oxnard, California. By the time the trailer reached Officer Smid at the Gallup port-of-entry, all that the officer could say about the key to the trailer lock was that Defendant retrieved it from a ring of keys that was in the tractor-trailer rig's ignition at the time of his inspection. Such testimony does not necessarily exclude the possibility that other persons were in possession of, or had access to, that same ring of keys since the time the celery was loaded into the trailer a few days earlier. The jury was free to explore all of these potentially exculpatory inferences at the end of the first trial, and Defendant's counsel was free to point them out in his closing argument. Thus, as in United States v. Perkins, 926 F.2d 1271, 1275 (1st Cir. 1991), the additional evidence proffered in Defendant's motion for a new trial and motion to reconsider is "at best, cumulative of other, more powerful evidence revealed to the defense [before trial] and used by it" to draw exculpatory inferences.

The production of an additional key to the trailer lock under the conditions set forth in Defendant's latest proffer would not, in any sense, compel the jury to make such exculpatory inferences, nor would it render unreasonable the contrary inferences suggested by the prosecutor in his closing argument.  Recognizing the possibility that other persons could have accessed the ring of keys in the tractor-trailer rig's ignition or a second key under the scenarios presented above, the Government was not relying on Defendant's possession or use of the key to the trailer lock while at the port of entry as the central piece of evidence on which to infer Defendant's knowing possession of the trailer's illegal payload.  On the contrary, the Government relied on the evidence of Defendant's use of a false identity, or concealment of his true identity, as circumstantial evidence of guilty knowledge.  See United States v. Glass, 128 F.3d 1398, 1408 (10th Cir. 1997).  Along the same lines, the Government offered evidence of false or improper logbook entries, the unexplained irregularities in the side trip to Compton, California, and the subsequent efforts by Defendant and Ms. Santifer to conceal the existence of that trip.

For these reasons, the Defendant's trial does not fall under the "rare class of cases" like United States v. Velarde, 485 F.3d 553, 563 (10th Cir. 2007), where the uncorroborated testimony of a single witness provided virtually the only evidence of a suspect's guilt. Rather, the Government here relied on several different lines of circumstantial evidence pointing to Defendant's guilt.  In light of all the other circumstantial evidence concerning Defendant's knowledge that he was carrying a controlled substance in the trailer, I find that with respect to the principal issues involved in Defendant's trial, the evidence concerning the additional key does not rise to a level of materiality that would probably produce an acquittal.

See United States v. Higgins, 282 F.3d 1261, 1278 (10th Cir. 2002).

**IT IS THEREFORE ORDERED** that Defendant Robert Nick's *Motion to Reconsider Memorandum Opinion and Order* [Doc. 152] is **DENIED**.

**SO ORDERED** this 30th day of January, 2009, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
UNITED STATES DISTRICT JUDGE